1

2

3

4                           UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                      * * *

7    JAVON MIGUEL,                              Case No. 2:18-cv-02111-RFB-PAL

8                      Petitioner,                          ORDER
            v.
9
     JERRY HOWELL, et al.,
10
                      Respondents.
11

12          This *pro se* habeas petition comes before the court for consideration of petitioner's

13   application for leave to proceed *in forma pauperis* and for initial screening review pursuant to Rule

14   4 of the Rules Governing Section 2254 Cases in the United States District Courts.

15          The Court finds petitioner cannot pay the filing fee.  The application for leave to proceed

16   *in forma pauperis* will therefore be granted, and petitioner will be not required to pay the filing

17   fee.

18          Following review of the petition, the court will direct a response.

19          IT IS THEREFORE ORDERED that the application for leave to proceed *in forma pauperis*

20   (ECF No. 1) is GRANTED, and petitioner will not be required to pay the filing fee.

21          IT IS FURTHER ORDERED that the Clerk shall FILE the petition (ECF No. 1-1).

22          IT IS FURTHER ORDERED that the Clerk shall add Nevada Attorney General Adam P.

23   Laxalt as attorney for respondents and shall informally electronically serve the Nevada Attorney

24   General with a copy of the petition and this order.

25          IT IS FURTHER ORDERED that respondents shall file a response to the petition,

26   including potentially by motion to dismiss, within sixty days of the date of entry of this order and

27   that petitioner may file a reply thereto within thirty days of service of the answer. The response

28

1  and reply time to any motion filed by either party, including a motion filed in lieu of a pleading,

2  shall be governed instead by Local Rule LR 7-2(b).

3       IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this

4  case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file

5  a response in this case that consolidates their procedural defenses, if any, with their response on

6  the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking

7  merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall

8  do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct

9  their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406

10  F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised

11  by motion to dismiss.

12       IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall

13  specifically cite to and address the applicable state court written decision and state court record

14  materials, if any, regarding each claim within the response as to that claim.

15       IT IS FURTHER ORDERED that respondents shall file a set of state court exhibits relevant

16  to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

17       IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed

18  with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments

19  that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

20  The purpose of this provision is so that the court and any reviewing court thereafter will be able to

21  quickly determine from the face of the electronic docket sheet which numbered exhibits are filed

22  in which attachments.

23       IT IS SO ORDERED.

24

25       DATED this 5th day of November, 2018.

26

27       RICHARD F. BOULWARE, II
         UNITED STATES DISTRICT JUDGE

28