# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAVON MIGUEL, | Case No. 2:18-cv-02111-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| JERRY HOWELL, et al., | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Javon Miguel, a former Nevada prisoner who is proceeding *pro se*.[1] Currently before the Court is Respondents' Motion to Dismiss (ECF No. 8). Miguel did not oppose the motion, despite receiving an extension of time in which to do so.[2] (ECF No. 28.) For the reasons discussed below, Respondents' motion is granted in part and denied in part.

## **BACKGROUND**[3]

Miguel challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada ("state court"). In October 2012, the State charged Miguel with pandering of a child; first-degree kidnapping; and pandering by furnishing transportation. (ECF No. 9-8.) Following a five-day trial, a jury found Miguel guilty on all three charges. (ECF No. 14-2.) On December 8, 2014, the state district court sentencing Miguel to consecutive sentences of 16 to 72 months for pandering of a child, five to 15 years for first-degree kidnapping, and 12 to 34

---

[1] Miguel initiated this habeas proceeding while he was incarcerated. (ECF No. 1.) He was released on parole on January 30, 2019. (ECF No. 21.)

[2] LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to this Court's June 4, 2019 order, Miguel was required to file a response to Respondents' motion by July 15, 2019. (ECF No. 28.) Although no response was filed, the Court will address the merits of the motion to ensure a complete record.

[3] This procedural history is derived from the exhibits located at ECF Nos. 9–20 of the Court's docket.

1

months for pandering by furnishing transportation. (ECF No. 14-9.) The judgment of conviction was entered days later. (ECF No. 14-10.)

Miguel filed a direct appeal, arguing that the State failed to adduce sufficient evidence to support a conviction on two counts: pandering of a child and first-degree kidnapping. (ECF No. 14-12 at 23.) On December 17, 2015, the Nevada Supreme Court affirmed the conviction, and a remittitur issued the following month. (ECF Nos. 19-3, 19-4.)

Days after sentencing, on December 12, 2014, Miguel filed a *pro se* state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. (ECF No. 19-5.) The state court appointed counsel ("post-conviction counsel") and stayed consideration of the state petition until the direct appeal was decided. (ECF No. 20-7 at 11.) Once the Nevada Supreme Court affirmed the conviction and the stay was lifted, Miguel submitted a counseled supplemental petition. (ECF No. 20-1.) The state court held an evidentiary hearing and denied the state petition in March 2017. (ECF Nos. 20-3.)

Miguel filed a state habeas appeal through post-conviction counsel. (ECF No. 20-7.) Miguel argued that trial counsel was ineffective because he conceded the elements of pandering by furnishing transportation. (*Id.* at 15.) The Nevada Court of Appeals affirmed the state court's denial of the state petition, and a remittitur issued in September 2018. (ECF Nos. 20-9, 20-10.)

On November 1, 2018, Miguel initiated this proceeding by filing a *pro se* federal petition for writ of habeas corpus (ECF Nos. 1, 4). Respondents now move to dismiss the petition as unexhausted.

## DISCUSSION

I. **EXHAUSTION**

**A. Legal Standard**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *E.g.*, *Coleman v. Thompson*, 501

U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A properly exhausted claim " 'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). Fair presentation therefore requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

**B. Analysis**

Respondents contend that Miguel did not exhaust Grounds 1, 2, 3, 4, and 6, as well as part of Ground 5, because he did not present these subclaims to the Nevada Court of Appeals on direct appeal or habeas appeal. To support their assertions that claims are not exhausted, Respondents point to Miguel's statement in the federal petition indicating that Grounds 1–6 were not raised by appellate counsel in the direct appeal or post-conviction counsel in the habeas appeal.[4] (*Id.* at 6.)

    1. Ground 1 is Not Exhausted

In Ground 1, Miguel alleges a violation of his rights under the Fifth and Fourteenth Amendments because the State "adduced no evidence to corroborate its principal witness, A.B.,"[5]

---

[4] The Court notes that Miguel's statements of exhaustion for Grounds 1–5 of federal petition represent that Grounds 1–6 were not raised by appellate counsel in the direct appeal or post-conviction counsel in the habeas appeal. (ECF No. 4 at 4, 6, 8, 14, 19.) He provided no statement of exhaustion for Ground 6.

[5] The Local Rules of Practice state: "[p]arties must refrain from including—or must partially redact, where inclusion is necessary—[certain] personal-data identifiers from all documents filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise." LR IA 6-1(a). This includes the names of minor children, thus, only a child's initials should be used. *Id.* The witness referred to here as "A.B." was the victim in Miguel's criminal case and she was a minor at the time the events

as required by NRS 175.291(1); thus, the evidence against him was insufficient to sustain a conviction. (ECF No. 4 at 3–4.)

The Court's review of the record indicates that Ground 1 is not exhausted. His arguments on direct appeal and habeas appeal did not address the State's purported failure to adduce evidence corroborating A.B.'s testimony pursuant to NRS 175.291(1). Although Miguel's direct appeal challenged the sufficiency of the evidence at trial, it did so in the specific context of counts 1 and 2: pandering of a child – whether the State failed to adduce sufficient evidence that Miguel inveigled, enticed, or compelled a person to become a prostitute, or to continue to engage in prostitution; and first-degree kidnapping – whether the State failed to adduce sufficient evidence of Miguel's subjective intent at the time the alleged acts were committed. (ECF No. 14-12.) The Court is not persuaded that his arguments on direct appeal fairly presented the current claim regarding corroborate evidence required by NRS 175.291(1). Further, Miguel's habeas appeal argued one claim of ineffective assistance. (ECF No. 20-7 at 15.) Ground 1 is not exhausted.[6]

### 2. Ground 2 is Exhausted

In Ground 2, Miguel alleges a violation of his Fifth and Fourteenth Amendments rights based on the State's failure to produce any "corroborative evidence" tending to connect him with the offense. (ECF No. 4 at 5–6.) In addition to A.B.'s testimony, he claims the State introduced the following items into evidence at trial, and such evidence was insufficient to support conviction: (1) a box of condoms, (2) a business card with Miguel's phone number written on it; (3) photos of key witness, A.B.; and (4) Miguel's subscriber phone number. (*Id.* at 5.)

Construing the *pro se* petition liberally, the Court is finds that Miguel exhausted Ground 2 on direct appeal. Miguel's direct appeal raised a broad sufficiency of the evidence argument.

---

occurred. Pursuant to the Local Rules, the Court will identify her exclusively by her initials.

[6] To the extent Petitioner contends that the state court or Nevada Court of Appeals failed to properly apply NRS 175.291(1) in his underlying criminal case or appeals, such a claim would not be cognizable in federal habeas proceedings. Allegations that a state court failed to properly apply state law are not cognizable in a federal habeas action. *E.g.*, *Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *see Murdoch v. Castro*, 365 F.3d 699, 703 n.1 (9th Cir. 2004) ("We are not a State Supreme Court of errors; we do not review questions of state law. On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms.").

(ECF No. 14-12 at 23–29.) The Nevada Court of Appeals noted: "He specifically asserts that the State did not present sufficient evidence to prove he inveigled, enticed, or compelled A.B. to become a prostitute or to continue to engage in prostitution." (ECF No. 19-3 at 2.) The merits of his claim were addressed and rejected. The Court's review of the record indicates that Ground 2 is exhausted.

### 3. Ground 3 is Not Exhausted

In Ground 3, Miguel alleges a due process violation of his rights under the Fifth and Fourteenth Amendments because A.B. perjured herself, and the "perjury was apparent to trial judge and acknowledged by prosecutor after trial." (ECF No. 4 at 7–8.)

The Court's review of the record indicates that Ground 3 is not exhausted. Although Miguel raised this issue in his *pro se* state petition (ECF No. 19-5 at 9), nothing in his direct appeal or habeas appeal challenged A.B.'s testimony on the basis of perjury (ECF Nos. 14-12, 20-7). Thus, Ground 3 was not raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844–45. As a result, Ground 3 is unexhausted.

### 4. Ground 4 is Not Exhausted

In Ground 4, Miguel alleges a violation of his due process rights under the Fifth, Sixth, and Fourteenth Amendments based on the State's knowing use of false testimony from the victim, A.B. (ECF No. 4 at 9–14.) As examples, Miguel claims that A.B. never told him she was a prostitute, and her testimony on this issue changed from the preliminary hearing to trial. According to Miguel, A.B. testified in the preliminary hearing that she did not tell Miguel she was a prostitute, but at trial, A.B. testified that she did in fact tell Miguel she was a prostitute.

As noted above for Ground 3, Miguel's direct appeal and habeas appeal did not argue that A.B.'s trial testimony was perjured, despite including such claim in his state petition (ECF No. 19-5 at 11). Accordingly, Ground 4 is unexhausted.

### 5. Ground 5 is Partially Unexhausted

In Ground 5, Miguel alleges a violation of his due process rights under the Fifth, Sixth, and

Fourteenth Amendments because his attorney suborned perjury from A.B. during his trial. (ECF No. 4 at 15–19.) He points to A.B.'s changed testimony about whether she told Miguel that she was a prostitute. Miguel further alleges that trial counsel was ineffective because he conceded that Miguel knew A.B. was a prostitute, and Miguel and A.B. came to Las Vegas for A.B. to prostitute and make money. These concessions, Miguel argues, relieved the State of its burden of proof regarding "the unlawful act, as well as specific intent elements." (*Id*. at 17.) Thus, he claims the jury's verdict is unreliable regarding the two charges for pandering of a child and pandering by furnishing transportation.

Respondents assert that Miguel failed to exhaust part of Ground 5. They acknowledge that Miguel may have exhausted a claim that trial counsel was ineffective for conceding an element of the offense of pandering by providing transportation, but they ask the Court to find that the remaining portions of Ground 5 are unexhausted.

Ground 5 is exhausted to the extent it raises a claim for ineffective assistance of counsel, but unexhausted to the extent it raises perjury allegations as a substantive due process violation. As previously noted for Grounds 3 and 4, Miguel's direct appeal and habeas appeal did not challenge A.B.'s testimony on the basis of perjury. However, his habeas appeal did challenge the reasonableness of trial counsel's concession strategy. (ECF No. 20-9.) The Court finds that Ground 5 is partially unexhausted with regard to the allegations beyond Miguel's claim for ineffective assistance of counsel based on a concession strategy.

6. Ground 6 is Not Exhausted

In Ground 6, Miguel alleges a violation of his Fifth, Sixth, and Fourteenth Amendments rights based on the ineffective assistance of trial counsel. (ECF No. 4 at 20–21). He provides 11 subclaims as separate examples of trial counsel's purported negligence, incompetence, and ineffective assistance: (1) failure to conduct a proper investigation; (2) failure to have a proper defense strategy; (3) failure to file the proper motions; (4) failure to subpoena key witnesses or key evidence; (5) failure to properly cross-examine the State's witnesses; (6) failure to cooperate with Miguel; (7) Counsel worked as a team with the district attorney "to convict an innocent man";

(8) failure to put up a proper defense; (9) counsel had a conflict of interest; (10) failure to argue on Miguel's behalf at trial or disprove elements of the charges; (11) failure to establish a foundation regarding counsel's questions or prove anything positive for Miguel. (*Id.*)

The Court finds that Ground 6 is not exhausted. Respondents correctly point out that Miguel did not present any of his 11 subclaims on direct appeal or habeas appeal. Although these subclaims were alleged in the state petition (ECF No. 19-5 at 10), Miguel did not carry these subclaims forward in the habeas appeal (ECF No. 20-7).[7] Thus, his subclaims were not raised through one complete round of collateral proceedings to Nevada's highest court. *See O'Sullivan*, 526 U.S. at 844–45. Ground 6 is therefore, unexhausted.

## II. OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Miguel's petition is mixed, he has these options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims, and proceed only on the exhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court and exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

With respect to the third option, a court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). But a stay and abeyance is only granted if a petitioner can show that his unexhausted claims are not "plainly meritless" and there is good cause for his failure to exhaust those claims in state court. *Id.* at 277. If Miguel wishes to ask for a stay, he must file a motion for stay and abeyance, demonstrating these two requirements. Respondents will then have an opportunity to respond, and Miguel to reply.

---

[7] Miguel's habeas appeal alleged an ineffective assistance claim specific to trial counsel's concession strategy (ECF No. 20-7), but not as to any of his 11 subclaims.

7

Miguel's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Miguel is also advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), because those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 8) is GRANTED IN PART and DENIED IN PART as follows:

    a. Ground 2 is EXHAUSTED in its entirety;

    b. Ground 5 is PARTIALLY UNEXHAUSTED as to any non-ineffective assistance of counsel claim; and

    c. Grounds 1, 3, 4, and 6 are UNEXHAUSTED in their entirety.

2. Within 30 days of the date of this order, Miguel must either:

    a. File a motion to dismiss seeking partial dismissal of only the unexhausted claims (Grounds 1, 3, 4, 6, and part of 5, as explained herein);

    b. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims (Grounds 1, 3, 4, 6, and part of 5, as explained herein); and/or

    c. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

3. Miguel's failure to timely comply with this order will result in the dismissal of his petition without further advanced notice.

DATED this 16th day of September, 2019.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

8